UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Inosencio Baez Samora

    v.                                                  Civ. No. 23-cv-469-LM

UPS-SCS

## REPORT AND RECOMMENDATION

Inosencio Baez Samora, appearing pro se, has sued UPS Supply Chain Solutions ("UPS"), his employer until October 2016, claiming workplace discrimination and harassment in violation of New Hampshire and federal law. See generally Compl. (Doc. No. 1) at 2-6; Compl. Add. (Doc. No. 1-1). Invoking Fed. R. Civ. P. 12(b)(6), UPS now moves to dismiss Samora's complaint on the basis of res judicata, claiming that this suit is identical to a prior suit in this court which Judge Barbadoro dismissed for failure to state a claim upon which relief can be granted. See Samora v. UPS SCS, No. 21-v-0596-PB ("Samora I"), Order (Doc. No. 11) (D.N.H. Oct. 25, 2021). Pursuant to LR 72.1, UPS's motion to dismiss (Doc. No. 5) has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant the defendant's motion and dismiss this case.

## **Standard of Review**

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual material **to** "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 545 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, "an adequate complaint must include not only a plausible claim but also a plausible defendant." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (1st Cir. 2011). In addition to the face of the complaint, the court may also consider documents incorporated by reference in the complaint, matters of public record, and other matters susceptible to judicial notice. Giragosian v. Ryan, 547 F.3d 59, 65–66 (1st Cir. 2008).

As previously noted, Samora brings this case pro se. Where a motion to dismiss is filed against a pro se litigant, any document filed by the pro se party is "to be liberally construed," and "a pro se complaint, however inartfully pleaded,

2

must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while pro se complaints "are accorded 'an extra degree of solicitude'. . . even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Wright v. Town of Southbridge, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting Adams v. Stephenson, 1997 WL 351633, at *1 (1st Cir. 1997) (per curiam)).

Finally, although res judicata is an affirmative defense as to which the defendant has the burden of proof, an affirmative defense can be adjudicated on a motion to dismiss if the facts that establish the defense are conclusively evident in 1) the allegations of the complaint, 2) the documents (if any) incorporated therein, 3) matters of public record and 4) other matters of which the court may take judicial notice." United States v. Raytheon Co., 334 F. Supp. 3d 519, 523 (D. Mass. 2018), In analyzing an affirmative defense the court may take judicial notice of proceedings in other courts, including state courts. See Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001) ("It is well-accepted that federal courts may take judicial

3

notice of proceedings in other courts if those proceedings have relevance to the matters at hand.").

## Background

A. Samora I

In January 2021, Mr. Samora sued UPS in state court. Samora I, Compl.(Doc. 1-1). UPS subsequently removed the case to this court. Mr. Samora sought monetary damages related to his employment with UPS and alleged various instances of mistreatment by his co-workers and managers. Id. He generally alleged that he was blocked from being transferred to another position and that he quit his job in 2016 after being subjected to harassment and discrimination by his colleagues in 2016. Id. at 6. In the absence of specific references in the complaint, both UPS and the court construed Samora I as bringing a federal anti-discrimination claim under Title VII of the Civil Rights Act of 1964, a federal hostile work environment claim under 42 U.S.C. § 1981 and a state law claim under the New Hampshire Law Against Discrimination ("NHLAD"). Samora I, Order (Doc. No. 11) at 2.

UPS timely moved to dismiss Samora I pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted. Id., Def. Mot. (Doc. No. 4), to which the plaintiff objected. Id., Def. Obj. (Doc No. 6). Judge Barbadoro granted the motion, finding that the plaintiff failed to allege

4

that he exhausted his administrative remedies under Title VII and NHLAD and that his Section 1981 hostile work environment claim was barred by the applicable statute of limitations. Id., Order (Doc. No. 11). The court entered judgement in favor of UPS on October 25, 2021. Id., Entry of Judgment (Doc. No. 12).

### B. This Lawsuit

Mr. Samora filed this action on October 11, 2023. Compl. (Doc. No. 1). This suit is based on the same period of employment with UPS, and again asserts that he resigned from UPS after he was denied a transfer and was subjected to harassment and discrimination by his coworkers and managers. Id. at 4.

## Discussion

UPS's sole argument in favor of dismissal is that this suit is identical to Samora I and is therefore barred by the preclusive effect of res judicata. The court agrees.

"The rules for res judicata, where a federal court is considering the effect of its own prior disposition of a federal claim on a newly brought federal claim, are a matter of federal law." AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005). "[T]he elements of a [claim preclusion] defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between

the parties in the two actions." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003). A plaintiff is also barred from litigating claims in a subsequent action that could have been, but were not, litigated in an earlier suit. Silva v. City of New Bedford, 660 F.3d 76, 78 (1st Cir. 2011); see Taylor v. Sturgell, 553 U.S. 880, 892 (2008) ("By precluding parties from contesting matters that they had a full and fair opportunity to litigate, [res judicata] protect[s] against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions.") (quoting Montana v. United States, 440 U.S. 147, 153-54 (1979) (internal quotations omitted)).

Here, it is "conclusively evident," Raytheon Co., 334 F. Supp. at 523, that the elements of res judicata are satisfied. First, the court granted UPS's motion to dismiss for failure to state a claim and issued a final judgment on the merits in favor of UPS. Judge Barbadoro found that dismissal of plaintiff's claims was warranted on multiple grounds. Samora I, Order (Doc. No. 11) at 3. Failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), operates as a dismissal on the merits with res judicata effect. Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983) see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a

6

claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'").

The second element of the res judicata analysis -- sufficient identicality between the two cases at issue -- is met where "[t]he substance of the cause of action that [Plaintiff] asserts is materially identical" in both actions. In re Colonial Mortgage Bankers Corp., 324 F.3d at 17; see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998) ("This boils down to whether the causes of action arise out of a common nucleus of operative facts."). This element is easily satisfied here. The plaintiff alleged in Samora I that he resigned in 2016 after he was blocked from a position transfer and was harassed and discriminated against by his colleagues and managers. Samora I, Compl. (Doc. No. 1-1) at 6. In this case, he again alleges he was blocked from a position transfer and was harassed and discriminated against by his coworkers and managers. Compl., (Doc. 1) at 4. It is indisputable that both actions involve the same facts related to his employment and purported mistreatment. The second requirement for res judicata is therefore met. The third element is satisfied because the parties in the two actions are the same.

For the most part, plaintiff's objection (Doc. No. 6), reiterates the factual allegations concerning harassment and discrimination that form the basis of the complaint. In an

attempt to avoid the preclusive effects of the judgment in Samora I, plaintiff asserts that he was not "given a hearing where a judge could hear my testimony." Obj. (Doc. No. 6) at 1. This argument is insufficient to defeat UPS's motion, as there is no entitlement to a hearing on a motion to dismiss. See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 364 (1st Cir.2001) (observing that "motions to dismiss generally do not necessitate evidentiary hearings") (citing Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1120 (1st Cir.1989))); see Also LR 7.1(d) ("Except as otherwise provided, the court shall decide motions without oral argument."). Accordingly, res judicata bars Mr. Samora's second lawsuit against UPS.

## Conclusion

Based on the foregoing, the district judge should grant the defendant's motion to dismiss (Doc. No. 5). As there are no circumstances under which an amendment could overcome the preclusive effect of Samora I, dismissal should be with prejudice.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co.,

8

617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

February 26, 2024